UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAINE PEOPLES ALLIANCE and NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiffs <br><br> v. <br><br> HOLTRACHEM MANUFACTURING COMPANY, LLC, and MALLINCKRODT, INC., <br><br> Defendants | Civil No. 00-69-B-C |

ORDER APPOINTING
DR. RICHARD ANDREW BODALY AS PROJECT LEADER

The Study Panel has proposed that Dr. Richard Andrew Bodaly be hired as the Project Leader.  *See* attached Proposal to Appoint Dr. Drew Bodaly as Project Leader of the Penobscot River Mercury Study Plan and attachments thereto (Docket Item No. 277). In addition to outlining the overall duties of Dr. Bodaly as Project Leader, the Proposal to Appoint Dr. Drew Bodaly contains: the specific employment arrangements, the establishment of a field operating budget, the method of reimbursement for travel costs, and the oversight and payment of subcontractors.  At the Court's request, counsel have filed their comments and objections to the Proposal.  *See* Plaintiffs' Response to Proposal to Hire Dr. Drew Bodaly (Docket Item No. 278) and Defendant Mallinckrodt Inc.'s Response to Proposal to Retain Dr. Drew Bodaly  (Docket Item No. 285).  After considering the comments and objections of the parties, the Court will order that Dr.

Richard Andrew Bodaly be hired as the Project Leader subject to the terms contained in the Proposal.

Although Plaintiffs support the hiring of Dr. Bodaly as Project Leader, they request confirmation that Dr. Bodaly will not be supervised by Chris Whipple alone. Plaintiffs' understanding is correct: Dr. Bodaly will be directed by, and report to, the Study Panel as a whole as well as to the Court. Plaintiffs have registered no other comments or objections to the Proposal to Appoint Dr. Bodaly.

While Defendant Mallinckrodt makes no objection to Dr. Bodaly's qualifications to serve as Project Leader, it does oppose the idea of retaining an individual to act as the Project Leader for the study, rather than an integrated management/consulting firm. Specifically, Mallinckrodt is concerned that the overall study will lack focus and that the costs will be higher because there will be duplicative efforts in the outsourced work for the study. Mallinckrodt's position is that the selection of a Project Leader with a background like Dr. Bodaly's "will lead to a study lacking clear focus on developing results for decision-making that the Court envisioned when it ordered the study." Defendant Mallinckrodt Inc.'s Response to Proposal to Retain Dr. Drew Bodaly at 2. The Court disagrees. The record reflects that Dr. Bodaly has spent a significant part of his professional career conducting focused, applied scientific studies designed to assess and ameliorate specific environmental problems. *See* Curriculum Vitae of Richard Andrew Bodaly at 2 (Co-recipient, Ontario Hydro and Hydro-Quebec research grants to study mercury dynamics in an experimental reservoir, 1990-1995; Recipient, Manitoba Hydro research grant to study uptake pathways of mercury by fish, 1991-1995; Recipient, Manitoba Hydro and Hydro-Quebec research grant to study mercury and greenhouse

gasses in flooded boreal forest uplands, 1997-2002; Recipient, Electric Power research Institute, Manitoba Hydro, and Hydro-Quebec research grants to study the interactions between mercury cycling and selenium, 2003-2007).  Dr. Bodaly has also successfully managed mercury studies comparable to that contemplated in the Study Plan.  Moreover, the Court's previous Orders as well as the Study Plan make it abundantly clear that the scope of the project is limited to the Court's previously-posed questions.  *See* Implementing Order for Penobscot River Study Pursuant to Memorandum of Decision and Order Dated July 29, 2002 (Docket Item No. 159) at 1-2 (The purposes of the Study Plan shall be to provide appropriate procedures and mechanisms to determine: (1) the extent of the existing harm resulting from mercury contamination to the Penobscot River/Bay system south of the Holtrachem plant site at Orrington, Maine …; (2) the need for and feasibility of a remediation plan to effectively address the present effects of such existing harm, if any; and (3) the elements of and timetable for the execution of the appropriate remediation plan to address the harm existing as a result of mercury contamination.) and Study Plan (Docket Item No. 259) at 34-35.

      With respect to the costs, the record discloses no data to indicate that the overall project cost will be lower if the project is managed by an integrated consulting firm.  The Study Panel has recommended the individual Project Leader approach in part because it has concluded that the work being done on each part of the study will be competitively priced.  In addition, Dr. Bodaly's experience managing projects of this type and scope demonstrates his ability to efficiently manage the overall study.  The Court intends to charge Dr. Bodaly, as it has the Study Panel, that he shall follow those practices and

economies necessary to assure that the implementation of the Study Plan shall be in accord with the scope of the Project as established by the Study Panel and the Court.

The Court is not persuaded that Mallinckrodt's concern – that the specific questions, which it is the purpose of the Study Plan to answer, may not get answered without an integrated management/consulting firm at the helm – is well founded. The issue of whether the Study Plan will be best served by employing a management/consulting firm or an individual as the Project Leader has been discussed by the parties and the Study Panel when they met in May 2005. Following that Mallinckrodt continued to press the point, and the Study Panel responded in writing to Mallinckrodt's concerns. Docket Item No. 257. The Study Panel's Response was provided to counsel and the matter discussed at a conference held on July 13, 2005. *See* Docket Item No. 258. The Court finds the Study Panel's Response to be well-founded.

After thorough consideration of the issue, the Court concludes that the appointment of an individual Project Leader is the best approach to assure the proper balance between the implementation of the study plan with a high level of scientific rigor and the narrowly focused concentration on answering the specific questions posed by the Court. This approach will enable Dr. Bodaly to devote his full efforts to managing the project and choosing the best experts for the specific tasks of the project, rather than to be limited to using the individuals that happen to staff a consulting firm at that time.

Accordingly, the Court **ORDERS** that the Study Panel's Proposal to Appoint Dr. Drew Bodaly as Project Leader be, and it is hereby, **ACCEPTED** and that Dr. Richard Andrew Bodaly be, and he is hereby, **APPOINTED** to serve at the pleasure of the Court,

as Project Leader of the Penobscot River Mercury Study Plan subject to the terms of the Study Panel's Proposal and all further orders of the Court.

                                                    /s/ Gene Carter  
                                                    Gene Carter  
                                                    Senior United States District Judge

Dated at Portland, Maine this 24th day of January, 2006.